UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: _____

TYLER KELLUM and JOHN BRIDGES, on behalf of themselves and all others similarly situated,

        Plaintiffs,

v.

PREDATOR INTERNATIONAL, INC., a Colorado Corporation,

        Defendant.

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Tyler Kellum and John Bridges (hereinafter referred to as "Plaintiffs"), by and through their undersigned counsel, upon personal knowledge as to themselves and upon information and belief as to all other matters, allege as follows:

1. Plaintiffs bring this action against defendant, Predator International, Inc., a corporation organized under the laws of the State of Colorado that was formed in or about 2001 with its principal offices located at 1610 West Evans Avenue, Unit E, Englewood, Colorado 80110, on behalf of themselves, and all others similarly situated individuals involving Defendant's sale of airgun pellets manufactured, sold and distributed by Defendant on false and misleading advertising respecting the specifically stated weight of the pellets to the one hundredth of a grain as set forth on the pellets' container tins.

2. Said airgun pellets manufactured, sold and distributed by Defendant which are the subject of this Class Action Complaint are as follows:

JSB JSB MATCH DIABLO EXACT RD DIABLO .177 cal. 0.475g | 7.33gr

JSB JSB MATCH DIABLO EXACT DIABLO .177 cal. 0.547g | 8.44gr

JSB JSB MATCH DIABLO EXACT HEAVY DIABLO .177 cal. 0.670g | 10.34gr

JSB JSB MATCH DIABLO EXACT MONSTER DIABLO .177 cal. 0.870g | 13.43gr

JSB JSB MATCH DIABLO EXACT BEAST DIABLO. 177 cal. 1.050g | 16.20gr

JSB JSB MATCH DIABLO EXACT DIABLO .20 cal. 0.890g | 13.73gr

JSB JSB MATCH DIABLO EXACT JUMBO RS DIABLO .22 cal. 0.870g | 13.43gr

JSB JSB MATCH DIABLO EXACT JUMBO EXPRESS DIABLO .22 cal. 0.930g | 14.35gr

JSB JSB MATCH DIABLO EXACT JUMBO DIABLO .22 cal. 1.030g | 15.89gr

JSB JSB MATCH DIABLO EXACT JUMBO HEAVY DIABLO .22 cal. 1.175g | 18.13gr

JSB JSB MATCH DIABLO EXACT JUMBO MONSTER DIABLO .22 cal. 1.645g | 25.39gr

JSB JSB MATCH DIABLO EXACT JUMBO BEAST DIABLO .22 cal. 2.20g | 33.956gr[1]

JSB JSB MATCH DIABLO EXACT KING DIABLO .25 cal. 1.645g | 25.39gr

JSB JSB MATCH DIABLO EXACT KING HEAVY DIABLO .25 cal. 2.20g | 33.95gr

JSB JSB MATCH DIABLO EXACT KING HEAVY DIABLO MKII .25 cal. 2.20g | 33.95gr

JSB JSB MATCH DIABLO EXACT DIABLO .30 cal. 2.90g | 44.75gr

JSB JSB MATCH DIABLO EXACT DIABLO .30 cal. 3.25g | 50.15gr

JSB JSB MATCH DIABLO EXACT DIABLO .35 cal. 5.030g | 77.62gr

**FACTUAL ALLEGATIONS**

3. This is a class action against Defendant, Predator International, Inc., for unfair and deceptive trade practices concerning the sale of certain falsely advertised airgun pellets as more specifically identified in the foregoing paragraph whereby the advertised and designated

---

[1] This particular pellet variety has a specified designated weight exact to the one thousandth of a grain.

weight of the subject airgun pellets differed from the specifically advertised weight for those pellets.

4. By way of example, and, in part in support of the factual allegations upon which this class action rests, plaintiffs' independent and first-hand knowledge regarding the allegations against Defendant support the following weight variations of Defendant's pellets as described herein:

JSB JSB MATCH DIABLO EXACT BEAST DIABLO. 177 cal. 1.050g | 16.20gr

JSB JSB MATCH DIABLO EXACT JUMBO MONSTER DIABLO .22 cal. 1.645g | 25.39gr

JSB JSB MATCH DIABLO EXACT KING HEAVY DIABLO MKII .25 cal. 2.20g | 33.95gr

JSB JSB MATCH DIABLO EXACT DIABLO .30 cal. 2.90g |44.75gr

5. Defendant's airgun pellets that are the subject of this litigation have all been marketed, advertised and sold in specific container tins that bear the markings: "EXACT"; "CAREFULLY SELECTED" and a specific weight designation to the one hundredth of a grain all of which have been supplied and set forth by Defendant.

6. Yet, when the pellets are individually weighed the majority of the pellets weigh an amount different than that weight in grains designated to the one hundredth of a grain as expressly set forth an advertised on the container tin holding the pellets.

7. On information and belief, these weight discrepancies have existed ever since the pellets were brought to market by Defendant.

8. Plaintiffs are not aware of any period of time within the requisite limitation of action period when the pellets in any designated container where in absolute conformity with the specifically designated weight set forth on the associated container.

9. Defendant materially overstates the specificity and exactness of the advertised weight associated with the pellets contained in its containers.

## PLAINTIFF'S ALLEGATIONS

10. At all times relevant hereto, Plaintiffs ordered and purchased Defendant's airgun pellets as specifically identified in paragraph 4 above.

11. The portrayal and display of the items purchased by Plaintiffs are identical to the portrayal of those same items as set forth on Defendant's website whereby it displays all pellets in its product line.  *See* https://predatorpellets.com/our-pellets/.

12. Plaintiffs relied upon the pictures, advertising materials and specific weight and caliber designations of the airgun pellets as established by Defendant when they made their airgun pellet purchases.

13. However, upon Plaintiffs' receipt of the products that they ordered that were manufactured by Defendant and sold on behalf of Defendant, the weight of the pellets contained in each container differed from the weight advertised and specifically set forth on the packaging container tins bearing a weight designation that was "exact" to the one hundredth of a grain.

14. Each of the containers (also referred to as "tins" contains the following language "EXACT"[2], "CAREFULLY SELECTED"[3] and a weight designation in grains (1 grain =

---

[2]  It is well known and undisputed that the word "exact" means not approximated in any way but it means precise.

[3]  It is generally understood and agreed that the phrase "carefully selected" as utilized and advanced by Defendant creates the inference and understanding that a process was employed to choose or pick the pellets that were included within each individualized container tin.  Therefore, noting that "carefully selected," generally conveys the idea that attention and careful consideration were given to the choices made during the pellet selection process to include said pellets within the designated container tins. Thus, such a selection process involved a thorough examination, evaluation along with a stringent degree of precision to ensure that the chosen items or individuals

0.002286 ounces and/or 1 grain = 0.0648 grams). *See* "Weight." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/weight.

15. As depicted on each tin of pellets purchased by Plaintiffs in any of the aforementioned calibers, Defendant specifically set forth the grain weight for each of the pellets contained in the tin specifically to the second decimal point (*i.e.,* 16.20 gr, 25.39 gr, 33.95 gr and 44.75 gr., respectively) meaning a one hundredth of a grain.

16. Defendant left no room for the pellets to weigh an amount different from that designated on the tin, especially since Defendant did not print its packaging with a weight range, a weight approximation or other designation to advise Plaintiffs that the pellets weighed amounts different than precisely and specifically advertised on each container purchased by Plaintiffs.

17. Defendant's actions and conduct relative to placing the subject airgun pellets into commerce was directly based on unfair and deceptive practices that misled and induced Plaintiffs to purchase its pellets, all the while knowing that its advertising and marketing information respecting the airgun pellets' container tins was false.

## THE PARTIES

18. Plaintiffs are individual consumers over the age of eighteen (18), who reside in Las Vegas, Nevada.

19. Defendant, Predator International, Inc., is a corporation organized under the laws of the State of Colorado that was formed in or about 2001 with its principal offices located at 1610 W. Evans Avenue, Suite E, Englewood, Colorado 80110 and is actively engaged in the

---

met certain criteria or standards, *i.e.,* a specific weight measure in grains that was specific to the one hundredth of a grain.

business of selling, manufacturing and distribution of high performance airgun pellets in interstate commerce and internationally.

20. Defendant manufactures, sells and distributes the product line that is specifically set forth on its company's website at https://predatorpellets.com/our-pellets/ and those pellet products that are the subject of this legal action are specifically identified and set forth in paragraph 2 above which involve pellets from Defendant's JSB JSB MATCH DIABLO EXACT DIABLO series.

21. The advertising and labeling for the pellets that are the subject of this litigation were prepared and/or approved by Defendant and its agents, and were disseminated by Defendant and its agents through advertising and labeling containing the misrepresentations alleged herein.

22. The advertising for the pellets that are the subject of this litigation was designed to encourage consumers to purchase the pellets and reasonably mislead reasonable consumers, including Plaintiffs and the Class into purchasing the subject pellets. Defendant's markets and distributes the pellets, and is the company that created and/or authorized the unlawful, fraudulent, unfair, misleading and/or deceptive advertising and statements about the pellets.

23. Plaintiffs allege that, at all times relevant herein, Defendant and its subsidiaries, affiliates, and other related entities and suppliers, as well as their respective employees, were the agents, servants and employees of Defendant and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

24. In addition, Plaintiffs allege that, in committing the wrongful acts alleged herein, Defendant, in concert with its subsidiaries, affiliates, and/or other related entities and suppliers, and their respective employees, planned, participated in and furthered a common

scheme to induce members of the public to purchase the pellets by means of untrue, misleading, deceptive, and/or fraudulent representations, and that Defendant participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

25. Whenever references in this Class Action Complaint is made to any act by Defendant or its subsidiaries, affiliates, distributors, retailers and other related entities and suppliers, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Predator International, Inc., committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Defendant while actively engaged in the scope of their duties.

## JURISDICTION AND VENUE

26. This Court has original diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiffs are citizen of the State of Nevada and this Court has jurisdiction over Defendant because it is a citizen of the State of Colorado and is headquartered with its principal place of business in the State of Colorado. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which the number of members of the proposed class is not less than 100. Thus, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

27. This Court also has diversity jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S. C. § 1332(a). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and certain members of the proposed class are citizens of states different from the state in which Defendant is a citizen.

28. Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district. Also, Defendant has used the laws within, and has done substantial business in, this judicial district in that it has promoted, marketed, distributed, and sold the products at issue in this judicial district. Finally, there is personal jurisdiction over Defendant in this judicial district.

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant for violations of the Colorado Consumer Protection Act which is codified at Colorado Revised Statutes ("C.R.S.") § 6-1-101, *et seq.*:

> All consumers within the State of Utah who purchased one of tin of pellets, as detailed herein, within the statute of limitations period, including any tolling period (the "Class" and "Class Period"). Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

30. Plaintiffs reserve the right to amend the definition of the Class if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

31. Plaintiffs reserve the right to establish sub-classes as appropriate.

32. There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

33. The members of the Class are so numerous that joinder of all members of the Class is impracticable. At this time, Plaintiffs believe that the Class includes thousands of members.

34. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(l), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

35. Plaintiffs' claims are typical of the claims of the members of the Class whom they seek to represent because Plaintiffs and each member of the Class have been subjected to the same deceptive and improper practices by Defendant and have been damaged in the same manner.

36. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiffs have no interests that are adverse to those of the members of the Class that they seek to represent. Plaintiffs are committed to the vigorous prosecution of this action and, to that end, Plaintiffs have retained counsel that is competent and experienced in handling complex class action litigation on behalf of consumers.

37. A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3) because:

a. The expense and burden of individual litigation would not be economically feasible for members of the Class to seek to redress their claims other than through the procedure of a class action.

b. If separate actions were brought by individual members of the Class, the resulting multiplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

c. Absent a class action, Defendant likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

38. Common questions of law and fact exist as to the members of the Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions that affect individual members of the Class within the meaning of Federal Rule of Civil Procedure 23(b)(3).

39. The common questions of fact include, but are not limited to, the following:

a. Whether the practice by Defendant of selling falsely advertised products violate the Colorado Consumer Protection Act;

b. Whether Defendant engaged in unlawful, unfair, misleading, and/or deceptive business acts or practices; and

c. Whether Plaintiffs and members of the Class are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

40. In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and necessitating that any such relief be extended to members of the Class on a mandatory, class-wide basis.

41. Plaintiffs are not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

**COUNT ONE**
**Violation of the Colorado Consumer Protection Act,**
**CO Code § 6-1-101,** *et seq.*

42. Plaintiffs bring this claim on behalf of themselves, and the members of the proposed Class.

43. Plaintiffs and the members of the Class are "consumers" within the meaning of the Colorado Consumer Protection Act ("CCPA"), CO Code § 6-113(1)(a) which provides, in pertinent part, that:

> 1. The provisions of this article shall be available in a civil action for any claim against any person who has engaged in or caused another to engage in any deceptive trade practice listed in this article. An action under this section shall be available to any person who:
> a. Is an actual or potential consumer of the defendant's goods, services, or property and is injured as a result of such deceptive trade practice….

44. Defendant is engaged in "trade or commerce" within the meaning of the Colorado Consumer Protection Act. *See* CO Code § 6-4-103(5).

45. The Colorado Consumer Protection Act prohibits Defendant from engaging in an unconscionable, unfair and/or deceptive trade practice or commerce that involves a "[failure] to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction." *See* CO Code 6-1-105(u).

46. Defendant participated in unfair and deceptive trade practices that violated the Colorado Consumer Protection Act as described herein.

47. Defendant's pellets are goods within the meaning of the Colorado Consumer Protection Act.

48. Defendant's unfair and deceptive practices are likely to mislead – and have Misled – reasonable consumers, such as Plaintiffs and members of the Class, and therefore, violate CO Code § 6-1-113.

49. Defendant has violated the Colorado Consumer Protection Act by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous, and substantially injurious to consumers.

50. Specifically, Defendant marketed and advertised the pellets that are the subject of this action in a deceptive, false and misleading manner by using advertising techniques and language on its packaging tins, containers and advertising documentation of the subject pellets that are materially inaccurate as to the actual weight of the pellets differing from the advertised and described weights of same.

51. Defendant, directly or through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiff and members of the Class.

52. Plaintiffs and numerous other customers purchased Defendant's pellets that bore the advertising language of "EXACT", "CAREFULLY SELECTED" and an exact weight denomination specific to the one hundredth of a grain based on Defendant's false and misleading representations.

53. Plaintiffs and numerous other customers purchased the subject pellets that are the subject of this litigation after viewing and relying on the language and verbiage set forth in both the advertisements (*i.e.,* in all media) and on the pellets' packaging tins.

54. Plaintiffs and the members of the Class have been aggrieved by Defendant's unfair and deceptive practices in violation of the Colorado Consumer Protection Act, in that they purchased the pellets with the reasonable expectation that the pellets would weigh the identical weight as advertised by Defendant in both in advertisements and on its pellets' container tins.

55. Reasonable consumers rely on Defendant to honestly market and label the pellets' containers and advertisement materials in a way that does not deceive reasonable consumers.

56. Defendant has deceived reasonable consumers, like Plaintiffs and the members of the Class, into believing the Products were something that they were not.

57. Plaintiffs and the members of the Class suffered damages amounting to, at a minimum, the price that they paid for the pellets.

58. Plaintiffs and the members of the Class further suffered damages amounting to the quantifiable amount of time plaintiffs and each Class Member incurred engaging in the process of sorting the purchased pellets according to their actual weight which was found to differ from the weight as specifically advertised by Defendant.

59. The damages suffered by Plaintiffs and the members of the Class were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendant.

60. Pursuant to Colorado Consumer Protection Act § 6-1-113(2), *et seq.,* Plaintiffs and the members of the Class are entitled to damages, attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Class, seek the following relief:

a. An order certifying this action as a class action under Fed. R. Civ. P. 23, defining the Class as requested herein, appointing the undersigned a Class counsel, and finding that Plaintiffs are proper representatives of the Class requested herein;

    b. Judgment in favor of Plaintiffs and the Class Members awarding them appropriate relief, including actual damages, statutory damages, equitable relief, restitution, disgorgement and statutory costs;

    c. An order requiring Defendant, Predator International, Inc., to pay the costs involved in notifying Class Members about the judgment and administering the claims process;

    d. A judgment in favor of Plaintiffs and the Class awarding them pre-judgment and post-judgment interest, reasonable attorneys' fees, costs and expenses in connection with the commencement and prosecution of this action as allowable by law;

    e. An order awarding restitution and disgorgement of Defendant's revenues to Plaintiffs and members of the Class;

    f. An order awarding declaratory and injunctive relief, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful or unlawful;

    g. An order awarding to Plaintiffs and the Class punitive damages;

    h. An order requiring Defendant to stop selling the products which are the subject of this Class Action or to correct the deceptive behavior;

    i. An order directing such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs and the Class demand a trial by jury as to all matters so triable.

Dated: February 7, 2024

/s/   Frederick Coles, III

By: _____
Frederick Coles, III, Esq.
LAW OFFICES OF FREDERICK COLES, III
4802 South 1110 East
Salt Lake City, Utah 84117
Tel. 908.757.4977
E-Mail: FColes@coleslegal.com

Counsel for Plaintiffs, Tyler Kellum and
John Bridges and the Proposed Class